UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENT OVERTON,

      Plaintiff,                      No.  09-cv-13283-BAF-MAR

-v-                                Hon. Bernard A. Friedman

CITY OF YPSILANTI,
a Michigan municipal corporation,

      Defendant.

_____/

JAMES K. FETT (P39461)             ROGER A. SMITH (P27722)
JOSHUA R. FIELDS (P68559)         GARAN LUCOW MILLER, P.C.
FETT & FIELDS, P.C.                  Attorney for Defendant City of Ypsilanti
Attorneys for Plaintiff               1111 W. Long Lake Road, Suite 300
805 E. Main Street                     Troy, MI 48098
Pinckney, MI 48169                 248.641.7600
734.954.0100                        fax: 248.641.0222
fax: 734.954.0762
attys@fettlaw.com                   rsmith@garanlucow.com

_____/

## DEFENDANT'S MOTION FOR PROTECTIVE ORDERS

      Now comes the defendant City of Ypsilanti, by and through its attorneys, Garan Lucow

Miller, P.C., and petitions this Court for entry of two protective orders relating to the disclosure and

use of personnel files of two city police officers.

      1.      Plaintiff Kent Overton is a Caucasian police officer employed by the defendant City

of Ypsilanti who alleges in his complaint that in August of 2007, he was illegally denied a promotion

to sergeant when African-American candidate Eddie Davis was awarded the position. He asserts

that this was due to illegal reverse discrimination.

      2.      Plaintiff's Request for Production of Documents dated November 10, 2009, attached

here as **Exhibit A**, requests disclosure of the city's personnel files for both plaintiff Overton and

Sgt. Davis. (A-3, Request nos. 7 and 8)

      3.      Defense counsel has permitted plaintiff's counsel to view these personnel files, but

because both individuals are police officers and undue disclosure could subject them and their

families to considerable risk, defendant wishes this Court to enter a protective order before copies are released to plaintiff and/or his counsel.

4.     On December 18, 2009, defense counsel sent to plaintiff's counsel a letter proposing to disclose the two personnel files after entry of protective orders, copies of which were enclosed with that letter. A copy of that correspondence is attached here, along with copies of the two proposed protective orders concerning plaintiff and Sgt. Davis. (**Exhibit B**)

5.     By letter dated December 31, 1009, plaintiff's counsel "wholeheartedly agreed" that protective orders were appropriate, but disputed the terms set forth in defendant's proposed orders. A copy of plaintiff counsel's letter is attached here along with his proposed changes. (**Exhibit C**)

6.     During the preparation of this motion, plaintiff filed his own Motion to Compel dated January 25, 2010, in which he acknowledged on page 6 of his brief that he was agreeable to redacting "personal information unrelated to their job, such as their address, phone number, and driver's license number."

7.     This Court is thus being asked, not just to issue protective orders – because plaintiff acknowledges that such orders are appropriate here – but to approve the SPECIFIC TERMS of those orders.

8.     Essentially, the parties differ on several principal issues:

     a.     Who should be permitted to view **Sgt. Davis'** personnel file. Defendant contends it should be only plaintiff's counsel and any experts who need to review it in order to render an opinion. Plaintiff would allow PLAINTIFF plus any and all WITNESSES to review it, as well.

     b.     Whether, if any portions are admitted into the record, they must be filed with the Court under seal.

9.     In support of its position on disclosure of Sgt. Davis' personnel file, defendant cites appropriate cases where defendant's proposed solution was accepted by other courts.

10.     Defendant further defends its proposal that any portions of the personnel record which are entered into the court record (by way of exhibits to motions or trial exhibits) should be filed with the court only under seal, contending that this proposal offers plaintiff a reasonable opportunity to utilize information in that personnel record while continuing the special protection which state and federal law accord to law enforcement officers and their families.

11.     In addition, defendant contends that since Sgt. Davis is currently in a command position within the City of Ypsilanti Police Department, unlimited dissemination of portions of his personnel file would almost certainly lead to those officers under him having access, which could or would contribute to leadership difficulties.

WHEREFORE, the defendant City of Ypsilanti respectfully asks this Court to approve the entry of the protective orders as proposed by defendant and as attached here as **Exhibits D** and **E**.

GARAN LUCOW MILLER, P.C.

s/ Roger A. Smith
ROGER A. SMITH
Attorney for Defendant City of Ypsilanti
1111 W. Long Lake Road, #300
Troy, MI 48098
(248) 641-7600
rsmith@garanlucow.com
(P27722)

Date: January 28, 2010

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENT OVERTON,

      Plaintiff,                    No.  09-cv-13283-BAF-MAR

-v-                               Hon. Bernard A. Friedman

CITY OF YPSILANTI,
a Michigan municipal corporation,

      Defendant.

_____/

JAMES K. FETT (P39461)
JOSHUA R. FIELDS (P68559)
FETT & FIELDS, P.C.
Attorneys for Plaintiff
805 E. Main Street
Pinckney, MI 48169
734.954.0100
fax: 734.954.0762
attys@fettlaw.com

ROGER A. SMITH (P27722)
GARAN LUCOW MILLER, P.C.
Attorney for Defendant City of Ypsilanti
1111 W. Long Lake Road, Suite 300
Troy, MI 48098
248.641.7600
fax: 248.641.0222
rsmith@garanlucow.com

_____/

# BRIEF IN SUPPORT OF

# DEFENDANT'S MOTION FOR PROTECTIVE ORDERS

## INDEX OF EXHIBITS

## CERTIFICATE OF SERVICE

# TABLE OF CONTENTS

STATEMENT OF QUESTIONS PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

LIST OF CONTROLLING AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

BRIEF IN SUPPORT OF MOTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I.     Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    II.    Legal Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

          A.     Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

          B.     Protective Orders . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

          C.     The Federal Law on Privilege Applies . . . . . . . . . . . . . . . . . . . . . . . . 7

          D.     The Federal Law on Privilege Protects State Policies<br>                Protecting Against Disclosure of the Personnel Files of<br>                Law Enforcement Officers . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

          E.     The Sixth Circuit and Other Courts Have Recognized<br>                the Propriety of Protective Orders With Terms Like<br>                Those Proposed by Defendant . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

          F.     Plaintiff's Cited Authority Is Neither Controlling Nor<br>                Supportive of Plaintiff's Position . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

          F.     The Proposed Protective Orders . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

                1.     Plaintiff's employment file . . . . . . . . . . . . . . . . . . . . . . . . . 18

                2.     Sgt. Davis' employment file . . . . . . . . . . . . . . . . . . . . . . . . 18

    III.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

INDEX OF EXHIBITS

    A    Plaintiff's Request for Production of Documents<br>            dated November 10, 2009

    B    Defense counsel's letter to plaintiff's counsel enclosing proposed protective orders<br>            dated December 18, 2009

C  Plaintiff counsel's letter to defense counsel re proposed protective orders
    dated December 31, 2009

D  Defendant's Final Proposed Protective Order re Plaintiff Overton

E  Defendant's Final Proposed Protective Order re Sgt. Davis

F  Corporate Privileges and Confidential Information § 11.02,
    Protection of Personnel Files Under Federal Law (2009)

G  *Berryman v Supervalu Holdings, Inc.,*
    No. 3:05cv169, 2008 WL 4934007 (S.D. Ohio)

H  *Cherenfant v Nationwide Credit, Inc.,*
    No. CIV 03-60655, 2004 WL 5313965 (S.D. Fla. 2004)

I  *Watts v Kimmerly,*
    No. I:95-CV-279, 1996 WL 911254 (W.D. Mich)

## STATEMENT OF QUESTIONS PRESENTED

1.    In a suit by a law enforcement officer which alleges reverse discrimination in employment due to alleged discriminatory promotional practices, does the law permit this Court to enter a protective order limiting disclosure of the plaintiff's own personnel file and requiring that any portions of it which are filed with the Court be filed under seal?

        Defendant says:        "Yes."

        Plaintiff says:        "No."

2.    In a suit by a law enforcement officer which alleges reverse discrimination in employment due to alleged discriminatory promotional practices, does the law permit this Court to enter a protective order limiting disclosure of a nonparty command officer's personnel file and requiring that any portions of it which are filed with the Court be filed under seal?

        Defendant says:        "Yes."

        Plaintiff says:        "No."

# LIST OF CONTROLLING AUTHORITIES

*Knoll v Am. Tel. & Tel. Co.,* 176 F.3d 359 (6th Cir. 1999)

*Berryman v Supervalu Holdings, Inc.,* No. 3:05cv169, 2008 WL 4934007 (S.D. Ohio)

*Jones v City of Wilmington,* 299 F.Supp.2d 380 (D.Del.,2004)

# INDEX OF AUTHORITIES

*Page no.*

***Federal Cases***

American Standard, Inc. v Pfizer, Inc.,
    828 F.2d 734 (Fed.Cir.1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Askew v Rigler,
    130 F.R.D. 26 (S.D. N.Y. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Berryman v Supervalu Holdings, Inc.,
    No. 3:05cv169, 2008 WL 4934007 (S.D. Ohio) . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Burns v Thiokol Chemical Corp.,
    483 F.2d 300 (CA 1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Centillion Data Sys., Inc. v Ameritech Corp.,
    193 F.R.D. 550, 552 (S.D.Ind.1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-7

Cherenfant v Nationwide Credit, Inc.,
    No. CIV 03-60655, 2004 WL 5313965 (S.D. Fla. 2004) . . . . . . . . . . . . . . . . . . . . 14

Donald v Rast,
    927 F.2d 379 (8th Cir.1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Garrett v San Francisco,
    818 F.2d 1515 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Griffith v Wal-Mart Stores, Inc.,
    163 F.R.D. 4 (E.D.Ky.,1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Hill v Motel 6,
    205 F.R.D. 490 (S.D. Ohio 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Jones v City of Wilmington,
    299 F.Supp.2d 380 (D.Del.,2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 13, 17

Joseph W. Diemert, Jr. and Associates Co., L.P.A. v F.A.A.,
    218 Fed. Appx. 479, 2007 Fed. App. 0172N (6th Cir. 2007) . . . . . . . . . . . . . . . . . . 4

Kallstrom v City of Columbus,
    136 F.3d 1055 (6th Cir.1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

Knoll v Am. Tel. & Tel. Co.,
    176 F.3d 359 (6th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 11, 12, 14, 17

Marro v Toyota Motor Sales,
    36 F.E.P. Cases 758 (N.D. Ga 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Mercado v Division of New York State Police,
    989 F.Supp. 521 (S.D.N.Y.,1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Nat'l Congress for Puerto Rican Rights v City of New York,
    194 F.R.D. 88 (S.D. N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Orbovich v Macalester College,
    119 F.R.D. 411 (D. Minn. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Parrish v Ford Motor Co.,
    953 F.3d 1384 (6th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Petz v Ethan Allen, Inc.,
    113 F.R.D. 494 (D.Conn.1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Ragge v MCA / Universal Studios,
    165 F.R.D. 601, 604 (C.D. Cal. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

University of Pennsylvania v E.E.O.C.,
    493 U.S 182, 110 S.Ct. 577, 107 L.Ed.2d 571 (1990) . . . . . . . . . . . . . . . . . . . 15-16

Watts v Kimmerly, No. I:95-CV-279,
    1996 WL 911254 (W.D. Mich) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 16, 17

### State Court Cases

Kent County Deputy Sheriffs' Ass'n v Kent County Sheriff,
    463 Mich 353; 616 NW2d 677 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

### Federal Acts

Freedom of Information Act, 5 U.S.C. § 552(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

### Federal Rules of Civil Procedure

26(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

26(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Eastern District of Michigan Local Rules*

5.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

26.4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18


*Federal Rules of Evidence*

501 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7


*Other*

8 Charles Alan Wright & Richard L. Marcus,
      Federal Practice and Procedure (2d ed.1994)

      § 2041 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

      § 2043 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Corporate Privileges and Confidential Information,
      Protection of Personnel Files Under Federal Law (2009), § 11.02 . . . . . . . . . . . . . . . 7


*State Statutes*

Michigan Freedom of Information Act

      M.C.L. § 15.231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-10

      M.C.L. § 15.243(1)(s) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-10

N.Y. McKinney's Civil Rights Law § 50-a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# BRIEF IN SUPPORT OF MOTION

## I.    STATEMENT OF FACTS

Plaintiff Kent Overton is a police officer currently employed by the defendant City of Ypsilanti. He alleges in his complaint that in August of 2007, he and several other officers were tested and/or evaluated for possible promotion to the rank of sergeant. The promotion was ultimately awarded to Eddie Davis, who was already serving in the capacity of acting sergeant. Sgt. Davis is African-American. Plaintiff is Caucasian.

In his complaint, plaintiff Overton claims that he received higher scores on his written sergeant's exam and should have received this promotion, and that Davis was promoted illegally solely because of his race. Plaintiff filed this reverse discrimination lawsuit seeking damages and other equitable relief, including a promotion.

On November 10, 2009, plaintiff served defendant with interrogatories and requests for production of documents. That document request is attached here as **Exhibit A**. Request numbers 7 and 8 asks the city to produce personnel files for both plaintiff and Sgt. Davis. (A-3)

Defendant is NOT disputing that plaintiff is entitled to *view* HIS OWN personnel file. In fact, plaintiff and his counsel have already been afforded that view.

Likewise, defendant is not disputing that plaintiff's COUNSEL and plaintiff's EXPERTS are entitled to view relevant portions of Sgt. Davis' personnel file. Again, on January 20, 2010, a full view of Sgt. Davis' personnel file was afforded to plaintiff's counsel for "his eyes only"

On January 25th, and during the preparation of this motion, plaintiff filed his own Motion to Compel production of Sgt. Davis' personnel file. In that motion and brief, plaintiff cites only one arguably relevant case in support of his position which deals with the particularly sensitive issue

of personnel records of law enforcement officers, namely *Watts v Kimmerly,* No. I:95-CV-279, 1996 WL 911254 (W.D. Mich). In that case, Judge Hillman of the Western District of Michigan ultimately held that disclosure should proceed only under a protective order much like the one sought here by defendant. A copy of the *Watts* case is attached here as **Exhibit I**.

What defendant argues is that the City of Ypsilanti has an interest in protecting its officers and their families – including plaintiff and his family – from the unnecessary risks posed by too-liberal dissemination of these personnel records, and particularly those of Sgt. Davis, who, after all, is not accused here of wrongdoing and is not a party to this litigation. Defendant's proposed protective orders (**Exhibits D** and **E**, attached here) would do just that. Defendant further argues that the changes suggested by plaintiff would inevitably result in dissemination of these records beyond those necessitated by this litigation and would pose both security risks to the two officers and their families, as well as perhaps create management / command issues for Sgt. Davis with the police department.

In the spirit of cooperation, defense counsel already allowed plaintiff's counsel – and ONLY plaintiff's counsel – to review Sgt. Davis' personnel file. This occurred prior to the January 20th deposition of former City of Ypsilanti Police Chief Matthew Harshberger. Although no longer employed by the defendant city, Chief Harshberger was the sole decisionmaker regarding the promotion of Sgt. Davis from officer to sergeant. Plaintiff's counsel was allowed to review Sgt. Davis' file prior to that deposition and, in fact, introduced certain pages from Sgt. Davis' personnel file into the record as exhibits to the deposition transcript. This motion would ask, in part, that if and when that transcript or those exhibits are filed with this Court, those documents and testimony relating to them be filed under seal.

This motion concerns further disclosure of the personnel files of plaintiff and Sgt. Davis, plus the conditions upon which plaintiff may obtain copies of Sgt. Davis' file and the conditions upon

which counsel for both parties may disclose the contents of these personnel files and/or enter portions thereof into the record with this Court.

Defendant contends that other courts have entered protective orders such as those proposed here by defendant in cases with facts remarkably similar to the one at bar. Defendant further contends that the cases cited by plaintiff's counsel in his Motion to Compel dated January 25, 2010 are all distinguishable because they did not involve law enforcement officers and/or because disclosure was ultimately *denied*.

## II.   LEGAL ARGUMENT

### A.      Introduction

F. R. Civ P. 26(b)(1) allows "discovery regarding any non-privileged matter that is relevant to any party's claim or defenses," or for good cause, "discovery of any matter relevant to the subject matter involved in the action." Fed.R.Civ.P. 26(b)(1). Plaintiff asserts that his own personnel record and that of successful candidate Davis are relevant to his claim that he was the better-qualified candidate for sergeant and that Sgt. Davis' promotion was based, not on merit, but on a desire to favor a minority candidate.

Defendant does not dispute that these personnel records are both relevant and discoverable, only the conditions under which they should be disclosed and whether Sgt. Davis' file, in particular, should be redacted prior to disclosure to eliminate material which is personal, irrelevant to plaintiff's claim and potentially dangerous. That file contains all manner of problematic and/or inherently private information about Sgt. Davis and his family. Much of it is irrelevant to plaintiff's claim against the employer City of Ypsilanti. Examples of such information are:  Social Security numbers, home addresses and phone numbers of him and his family members, medical and insurance information, marital information, pension and retirement information, banking credit and private financial information, etc. Disclosure of some of this information could lead to identity

3

theft and/or other unpleasant consequences for Sgt. Davis and his family. Such information has been considered privileged under the federal FIOA. See *Joseph W. Diemert, Jr. and Associates Co., L.P.A. v F.A.A.,* 218 Fed. Appx. 479, 2007 Fed. App. 0172N (6th Cir. 2007).

      Furthermore, because Sgt. Davis is a police officer, disclosure of some of the information could pose significant security risks to him and his family. Even plaintiff agrees on page 6 of his brief in support of his Motion to Compel that Sgt. Davis' "address, phone number and driver's license number" may be redacted prior to disclosure. Defendant suggests that this falls far short of what is necessary to prevent real harm to Sgt. Davis. These categories should be expanded to include names of family members, home addresses, phone numbers, birth dates, Social Security numbers, drivers license numbers, schools, marital or family status and pension, retirement, credit, banking, insurance, medical or financial information, etc. None of this has any relevance to plaintiff's claim, and yet its dissemination could result in Sgt. Davis and/or his family members being targeted by those who are unhappy with his law enforcement activities or simply eager for ill-gotten gains. Moreover, given the power of today's internet search capabilities, even otherwise seemingly innocuous information can be used to track down all sorts of other information about Sgt. Davis and his family. The need to limit the unnecessary disclosure of personal information is greater than ever before. Defendant seeks only to limit disclosure to RELEVANT materials – to those items relevant to Sgt. Davis' promotion to sergeant.

      The same is true of the information contained within plaintiff's own personnel file. Although plaintiff is clearly entitled to see and even have a copy of his own personnel file, defendant asks that if portions of that file are entered into the court record, by way of exhibits at deposition, motion or at trial, they be properly redacted and filed under seal so as to protect both plaintiff and his family.

As the employer of these individuals, the defendant City of Ypsilanti takes seriously its duty to safeguard the safety and security, both of the officers and their families, as well as the privacy of the inherently important information contained within these files.

Plaintiff's counsel argues that he should be permitted to disclose the contents of these personnel files to plaintiff. (C-1) But he also wants to disclose them, not just to EXPERT witnesses who will be called upon to render an opinion, but also to LAY WITNESSES. (C-3) In this case, where eleven different officers were tested and/or evaluated for the position of sergeant, this would inevitably mean that virtually the entire Ypsilanti Police Department (plus others???) would have access to Sgt. Davis' personnel file. Not only would this inevitably undermine Sgt. Davis' authority as a command officer, but it would lead to inevitable leaks and subject Sgt. Davis to the risk of further dissemination (even outside the police department) and/or possible misuse of the information contained within his file by other unsuccessful and possibly disgruntled candidates for promotion. None of this is necessary in order for plaintiff to properly pursue his claim for alleged reverse discrimination in promotion.

Defendant is not trying to hide relevant information FROM THOSE WHO NEED TO KNOW IT, but, rather, is simply attempting to ensure that private information is not disseminated beyond those bounds. Plaintiff is entitled to discovery within the bounds of discretion exercised by this Court. He is not entitled to blanket authority to reveal information about his commanding officer to everyone within the police department and to all he might possibly name on a list of potential witnesses.

Frankly, with respect to plaintiff's own personnel file, defense counsel cannot understand why plaintiff or his counsel would NOT agree with a provision protective of plaintiff's privacy and prohibiting disclosure except to plaintiff's counsel and to experts. Plaintiff counsel's protestations to the contrary (C-1), the only possible rationale defense counsel can imagine is that if plaintiff

agrees to such an arrangement concerning *his own* personnel file, he would be required to agree

to a similar ban on disclosure of *Sgt. Davis'*, as well. The fact that plaintiff has NOT agreed to such

a protective provision makes defendant fear even more that plaintiff and/or his counsel plan to

disclose Sgt. Davis' personnel file inappropriately – i.e., beyond the group of those who would

actually NEED to review it in order for plaintiff to properly prosecute his case.

> **B.      Protective orders**

Defendant contends that this Court should enter separate protective orders as to both

plaintiff's and Sgt. Davis' personnel files prior to their disclosure and pursuant to Rule 26(c)(1):

> **F. R. Civ P. 26(c)        Protective Orders**
>
> **(1) In General.**   A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A)      forbidding the disclosure or discovery;
> (B)      specifying terms, including time and place, for the disclosure or discovery;
> (C)      prescribing a discovery method other than the one selected by the party seeking discovery;
> (D)      forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> (E)      designating the persons who may be present while the discovery is conducted;
> (F)      requiring that a deposition be sealed and opened only on court order;
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
> (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

When the relevance of a discovery request has been challenged, the burden is on the

requester to show the relevance of the requested information." *Centillion Data Sys., Inc. v*

*Ameritech Corp.,* 193 F.R.D. 550, 552 at n. 1 (S.D.Ind.1999) (citing *American Standard, Inc. v Pfizer, Inc.,* 828 F.2d 734, 742 (Fed.Cir.1987)). Moreover, when a discovery request seeks confidential information, "the burden is on the requester to show that the requested information is sufficiently relevant and necessary to its case to outweigh the harm from disclosure of the confidential information." *Id.* at 552 (citing *Knoll v Am. Tel. & Tel. Co.,* 176 F.3d 359, 365-366 (6th Cir. 1999); 8 Charles Alan Wright & Richard L. Marcus, Federal Practice and Procedure § 2043 (2d ed.1994)).

Furthermore, employers have a valid interest in the privacy of nonparty personnel files. *Knoll, supra.* It is generally accepted that standards for nonparty discovery require a stronger showing of relevance than for party discovery. See Corporate Privileges and Confidential Information, Protection of Personnel Files Under Federal Law (2009), § 11.02, at n. 20 (attached here as **Exhibit F**). Courts have held that the most appropriate remedy is the one sought here: a protective order. See *Knoll, supra; Jones v City of Wilmington,* 299 F.Supp.2d 380 (D.Del.,2004).

### C.     The Federal Law on Privilege Applies

Fed. R. Evid. 501 states that in civil actions like this one, federal law applies to the determination of what evidence is privileged and discoverable:

> **Fed. R. Evid. 501**     Except   as   otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, **the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States** in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law. [Emphasis added.]

Defendant concedes that in cases arising under federal civil rights acts, there is no general privilege for personnel files and that the personnel files of DEFENDANT police officers are

discoverable under Rule 501 despite state law saying otherwise. *Griffith v Wal-Mart Stores, Inc.,* 163 F.R.D. 4, 5 (E.D.Ky.,1995).

Here, however, the defendant City of Ypsilanti, as the employer of these law enforcement officers, asks, not that it be permitted to withhold these files from plaintiff during the discovery process, but only that plaintiff's right to discover and use relevant information from these personnel files be balanced against the privacy concerns of the employer and employees (including plaintiff) and especially against the privacy interests of Sgt. Davis, who is not a party to this action. See *Knoll, supra* at 365.

Defendant contends that the terms of the protective orders it proposes does not hamper plaintiff in prosecuting this claim, while they protect the officers from unnecessary security risks and intrusions into their private information.

### D. The Federal Law on Privilege Protects State Policies Protecting Against Disclosure of the Personnel Files of Law Enforcement Officers.

Both federal and state laws recognize the importance of shielding individuals from unnecessary disclosure of the type of personal and confidential information typically contained in personnel files. Both accord the personnel files of law enforcement officers, in particular, special protections from disclosure. Obviously, in the wrong hands, information about police officers can present significant security risks to them and to their families. And today's internet searching capabilities make that ever so much truer than even 5 years ago.

The defendant City of Ypsilanti notes initially that it has standing to raise these issues of privacy, etc. on behalf of its employee officers. In *Kallstrom v City of Columbus,* 136 F.3d 1055, 1062 -1063 (6th Cir.1998), three undercover police officers sued the City of Columbus because it released their personnel files to the attorney representing members of a violent gang. After it became apparent during the defendants' criminal trials that the information contained in the files had been disseminated to them, the officers brought suit against the employer city. They contended

that the city's practice of releasing undercover police officers' personnel files under such circumstances created a "constitutionally cognizable 'special danger,' giving rise to liability under § 1983." *Id.* at 1067. The court in *Kallstrom* recognized that releasing the officers' personal information substantially increased their "vulnerability to private acts of vengeance," noting that police officers have a legitimate expectation of privacy concerning their personnel files, which often contain social security number, driver's license number, residential address and contact information, financial information, names of family members, names of insurance beneficiaries, wage information, and other private matters. Quite obviously, more than others, law enforcement officers have much to fear from disclosure of such information.

In this case, plaintiff is not a criminal defendant as in *Kallstrom*, but he is a disgruntled candidate for promotion with an axe to grind against successful candidate Davis. The fact that plaintiff argues for disclosure of Sgt. Davis' personnel file, not just to his attorney and expert witnesses, but also to other lay witnesses in this case, including those over whom Sgt. Davis exercises command authority, suggests that the information contained within that file is apt to be disseminated far broader than necessary for the purposes of prosecuting plaintiff's claim in this case.

It is for similar reasons that Michigan has enacted special exemptions from disclosure for law enforcement records of all types and for personnel files of law enforcement officers, in particular. These exemptions are found under sub-section 243(1)(s) of the Michigan Freedom of Information Act, M.C.L. § 15.231 et seq::

> **M.C.L. § 15.243(1)**     A public body may exempt from disclosure as a public record under this act any of the following:
>
> **(s)** Unless the public interest in disclosure outweighs the public interest in nondisclosure in the particular instance, public records of a law enforcement agency, the release of which would do any of the following:

9

(i)     Identify or provide a means of identifying an informant.

(ii)    Identify or provide a means of identifying a law enforcement undercover officer or agent or a plain clothes officer as a law enforcement officer or agent.

(iii)    Disclose the personal address or telephone number of active or retired law enforcement officers or agents or a special skill that they may have.

(iv)    Disclose the name, address, or telephone numbers of family members, relatives, children, or parents of active or retired law enforcement officers or agents.

(v)    Disclose operational instructions for law enforcement officers or agents.

(vi)    Reveal the contents of staff manuals provided for law enforcement officers or agents.

(vii)    Endanger the life or safety of law enforcement officers or agents or their families, relatives, children, parents, or those who furnish information to law enforcement departments or agencies.

(viii)    Identify or provide a means of identifying a person as a law enforcement officer, agent, or informant.

**(ix)    Disclose personnel records of law enforcement agencies.**

(x)    Identify or provide a means of identifying residences that law enforcement agencies are requested to check in the absence of their owners or tenants. [Emphasis added.]

Clearly, absent the sufficient "public interest in nondisclosure" as suggested by the introductory language of sub-section (s), disclosure of these officers' personnel records would violate sub-section (ix), but it would also likely violate most of the other sub-sections, as well – in fact, all except (i) and (v).

Congress subsequently enacted a comparable federal Freedom of Information Act, 5 U.S.C.

§ 552(b)(6) and (7). That act applies to disclosures of information by federal agencies[1] and similarly

creates an exception for "personnel and medical files and similar files the disclosure of which would

constitute a clearly unwarranted invasion of personal privacy" and "records or information compiled

for law enforcement purposes ... to the extent that their production "could reasonably be expected

to constitute an unwarranted invasion of personal privacy."

### E.    The Sixth Circuit and Other Courts Have Recognized the Propriety of Protective Orders With Terms Like Those Proposed by Defendant

Our Sixth Circuit Court of Appeals has also recognized the "highly personal" nature of

personnel files and the court's inherent power to guard carefully such files from unnecessary

disclosure. In *Knoll v Am. Tel. & Tel. Co.,* 176 F.3d 359, 365 (6th Cir. 1999), the plaintiff alleged

age discrimination in employment and sought the discovery of personnel files of other, nonparty

employees. The lower court entered a protective order allowing discovery but limiting access to

such files to plaintiff's counsel (and not to plaintiff) and requiring review of those files within defense

counsel's office. In discussing that ruling, the Sixth Circuit held that the defendants had a valid

interest in the privacy of nonparty personnel files and that it was within the district court's power to

grant the challenged protective order. On the issue of those restrictions, the court stated on page

365:

> Specifically, plaintiff contends that the district court abused its discretion in granting defendants a protective order that limited access to such files to plaintiff's counsel. Such protective orders are commonly granted, however, as a means of protecting the privacy interests of nonparties while yet serving the needs of litigation. See 8 Wright & Marcus, § 2041, at 538 ("[A] court may order that confidential information not be disclosed to the client by the

---

[1]    Defendant concedes that the federal FOIA does not apply here because the act governs disclosures by federal agencies, and this is a disclosure by a local municipality. Defendant cites this federal act here only in support of its contention that both federal and state law recognize the importance of shielding individuals from unnecessary disclosure of the type of personal and confidential information typically contained in personnel files which is not relevant to the claims or defenses raised in the case.

attorney."). Courts have also specifically granted such orders to protect nonparties from the harm and embarrassment potentially caused by nonconfidential disclosure of their personnel files. E.g., *Donald v Rast,* 927 F.2d 379 (8th Cir.1991) (upholding district court's decision in a § 1983 action to limit the disclosure of **police** officers' personnel files to plaintiff's attorney in light of the private nature of information contained therein); *Petz v Ethan Allen, Inc.,* 113 F.R.D. 494, 497 (D.Conn.1985) (ordering defendants to produce job evaluations of nonparties only "for inspection by plaintiff's counsel in the office of counsel to the defendants"). As defendants noted in their Memorandum in Support of the Motion for Protective Order, personnel files might contain highly personal information such as an individual's unlisted address and telephone number, marital status, wage information, medical background, credit history (such as requests for garnishment of wages), and other work-related problems unrelated to plaintiff's claims. [Emphasis added.]

Finally, the Sixth Circuit held in *Knoll* at page 365 that the burden was on the requesting plaintiff to show that the proposed terms of the protective order were unworkable:

It was thus plaintiff's burden to offer proof that the protective order would substantially harm his ability to collect the evidence necessary for prosecution of his case. 8 Wright & Marcus, § 2043, at 559. ("If ... confidential information is being sought, the burden is on the party seeking discovery to establish that the information is sufficiently relevant and necessary to his case to outweigh the harm disclosure would cause to the person from whom he is seeking the information."). Plaintiff concedes that no such effort was made to demonstrate that the protective order was indeed unworkable.

The only rationale articulated by plaintiff's counsel for allowing plaintiff Overton to have access to Sgt. Davis' personnel files (in addition to plaintiff's counsel) is that plaintiff can assist his attorney in reviewing and analyzing the personnel file because counsel is not an Ypsilanti police officer and does not know all of the codes, language and policies and procedures necessary to analyze the information. (C-1) Yet nothing precludes plaintiff's counsel from posing discrete questions to his client about the meaning of particular terms, or from questioning plaintiff about *his own* personnel file so as to better understand Sgt. Davis'. Plaintiff's proffered reasoning is clearly inadequate to justify such a grave intrusion into a nonparty's personnel file.

12

Other courts have similarly upheld the propriety of using protective orders to guard against unnecessary disclosure, even in cases alleging employment discrimination and other civil rights violations such as excessive force, etc.

In *Jones v City of Wilmington,* 299 F.Supp.2d 380  (D.Del.,2004), the court faced with a similar discovery request required the defendant city to make the files available for initial review on an "attorneys'- eyes-only" basis and then required the parties to discuss appropriate parameters for keeping the information confidential, such as allowing plaintiff's counsel to photocopy only precisely relevant documents and properly redacted documents, with disputes to be decided by the court.

In *Mercado v Division of New York State Police,* 989 F.Supp. 521 (S.D.N.Y.,1998), Hispanic state police officers alleged illegal discrimination in employment. The court had to decide whether and how much to compel the defendant state to disclose the personnel files of nonparty officers. New York law required that the personnel files of police officers could not to be disclosed except by consent of the individual or pursuant to court order. N.Y.McKinney's Civil Rights Law § 50-a. The court recognized that a strong policy of comity between the state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policies. *Mercado, supra* at 522-523.After balancing the plaintiff's interests in disclosure against the state's legitimate concern of protecting confidentiality of officers' personnel files from unnecessary intrusions, the court held that disclosure must be limited. The court required the defendant to produce the nonparty officers' disciplinary records but not their evaluations, which the court deemed irrelevant to plaintiff's claim – and even the disciplinary records had to be produced only after entry of an appropriate order of confidentiality. *Id.* at 524.

In *Berryman v Supervalu Holdings, Inc.,* No. 3:05cv169, 2008 WL 4934007 at *5  (S.D.

Ohio) (attached here as **Exhibit G**), the plaintiff again alleged racial discrimination in employment,

and the plaintiff sought discovery of information from the personnel files of nonparty employees.

The court held:

> Defendants next choose to focus their objections on an assertion
> that the production of non-party personnel files "would be unduly
> intrusive to the privacy of" such individuals. ... . Federal courts
> indeed have recognized that employers have "a valid interest in the
> privacy of nonparty personnel files." See *Knoll v American Tel. & Tel.
> Co.,* 176 F.3d 359, 365 (6th Cir.1999). The remedy appropriate to
> address such privacy concerns, however, generally is a protective
> order, see *id.* ("protective orders are commonly granted ... as a
> means of protecting the privacy interests of nonparties while yet
> serving the needs of litigation"), not outright refusal to comply with
> the discovery request. See also *[Hill v Motel 6,* 205 F.R.D. 490, 496
> (S.D. Ohio 2001)]* (personnel files ordered produced, subject to
> confidentiality agreement and order)... [Citations to record and to
> unpublished cases omitted.]

The court in *Berryman* then cited to several unpublished opinions in which records were withheld

from discovery to be produced "for counsel's-eyes-only inspection" or for in camera review by the

court or where the parties were authorized to restrict public access to properly demarcated

categories of legitimately confidential information. *Id.*

Other courts have similarly upheld protective orders or orders of confidentiality. See *Askew

v Rigler,* 130 F.R.D. 26 (S.D. N.Y. 1990), *Nat'l Congress for Puerto Rican Rights v City of New

York,* 194 F.R.D.  88 (S.D. N.Y. 2000); *Cherenfant v Nationwide Credit, Inc.,* No. CIV 03-60655,

2004 WL 5313965 at *3-4 (S.D. Fla. 2004).[2]

Finally, as noted in *Knoll, supra* at 365, other courts have entered protective orders limiting

access to certain documents to counsel and experts.[3]

---

[2]     Attached to this brief as **Exhibit H.**

[3]     This is especially common in other types of litigation, like trade secrets and other confidential research,
development, or commercial information.

In short, all of these cases recognize the propriety of this Court's entering a protective order such as the one sought by the defendant City of Ypsilanti. To do so would properly balance plaintiff's right to discover information relevant to his claim of reverse discrimination while at the same time protecting the legitimate interests of the State of Michigan, the employer city and Sgt. Davis in protecting the confidentiality of personnel files for law enforcement officers from unnecessary – and possibly life threatening – intrusions.

### F.     Plaintiff's Cited Authority Is Neither Controlling Nor Supportive of Plaintiff's Position

During the preparation of this motion, plaintiff filed his own Motion to Compel the production of Sgt. Davis' personnel file. The authorities cited in that motion are not persuasive. Most of them stand for the proposition that in a claim of employment discrimination – even a claim against a governmental employer – personnel files of nonparty employees can be discoverable upon a proper showing of relevance. *But defendant already concedes this.* What those cases do NOT stand for is the proposition that the *non-relevant* portions of the personnel files of nonparty *law enforcement officers* are discoverable or that even relevant portions of such files are subject to disclosure virtually without limitation, as suggested by plaintiff. Plaintiff cites no such cases because there are none.

For instance, the U.S. Supreme Court case cited by plaintiff is *University of Pennsylvania v E.E.O.C.,* 493 U.S 182, 110 S.Ct. 577, 107 L.Ed.2d 571 (1990). That case involves the discoverability of records of the plaintiff university's otherwise confidential peer review / tenure board – scarcely equivalent to the privacy concerns of Sgt. Davis or the defendant city.[4] And in the case of *Ragge v MCA / Universal Studios,* 165 F.R.D. 601, 604 (C.D. Cal. 1995), even the plaintiff's

---

[4]     Similarly, the case of *Garrett v San Francisco,* 818 F.2d 1515 (9th Cir. 1987) involved firefighters; and all of the following cases involved private employers unrelated to the field of law enforcement: *Parrish v Ford Motor Co.,* 953 F.3d 1384 (6th Cir. 1992); *Burns v Thiokol Chemical Corp.,* 483 F.2d 300 (C/A 1973); *Marro v Toyoto Motor Sales,* 36 F.E.P. Cases 758 (N.D. Ga 1977); *Orbovich v Macalester College,* 119 F.R.D. 411 (D. Minn. 1988).

counsel agreed to redaction of "sensitive and confidential information such as medical treatment records, payroll information, sick leave requests, loan/credit information and other personal data."

In fact, as will be noted in defendant's separate response to plaintiff's motion, few of the cases cited in plaintiff's brief involved law enforcement officers at all, who, as noted above, have particularly acute privacy concerns which are accorded special protection under both state and federal law. And in one (state court) case cited by plaintiff and involving discovery of personnel files of nonparty law enforcement officers cited by plaintiff, the court actually found the personnel files of nonparty jail guards to be *exempt* from disclosure. *Kent County Deputy Sheriffs' Ass'n v Kent County Sheriff,* 463 Mich 353; 616 NW2d 677 (2000).

Plaintiff relies most heavily on *Watts v Kimmerly,* No. I:95-CV-279, 1996 WL 911254 (W.D. Mich) (Hillman, J.), a copy of which is attached to plaintiff's motion to compel and also here as **Exhibit I**. In that case, the plaintiffs alleged that they had been illegally passed over by the Berrien County Sheriffs' Department for promotion on the basis of race and sex and sought the personnel files of other nonparty officers. The defendant sheriff argued that those personnel records were privileged under state law, a proposition which the court rejected, holding that the issue of privilege is controlled by federal law (*id.* at *3) and that there is no federal privilege for personnel records, even those of law enforcement officers. *Id.* at *3, 5. It ordered the disclosure of those records – while simultaneously affirming the magistrate's order that they be produced ONLY under a protective order remarkably similar to that sought here by defendant! *Id.* at *7.[5]

---

[5]      In *Watts,* supra at *7, the court held: "As a final matter, the court notes that plaintiffs have not appealed the magistrate judge's imposition of a protective order covering the information contained in officer personnel records produced pursuant to the magistrate judge's discovery order. That protective order bars use of the contents of those files for any purpose other than discovery, preparation, trial and appeal of this case. It further orders that the information contained in those documents only be divulged to counsel of record, the individual parties to this case and consulting or testifying expert witnesses. Finally, it orders that all persons to whom disclosure is made as authorized in the protective order (except counsel of record) shall sign an acknowledgment agreeing to be bound by the provisions of the protective order under pain of contempt."

The principal difference between the protective order affirmed in *Watts* and the one sought by defendant here is that Judge Hillman permitted disclosure of the nonparty personnel files to the *plaintiffs* as well as to plaintiffs' counsel. *Id.* But *Watts* is a district court opinion and is thus not binding on this Court. Moreover, *Watts* was decided prior to the Sixth Circuit's opinion in *Knoll* . Were it decided today, the court's analysis would be completely different and would have to address the privacy and security concerns raised in *Knoll* and subsequently applied by other courts to cases involving police officers such as those cited here, in defendant's brief.

Furthermore, *Watts* was decided prior to most of the cases cited in this brief wherein disclosure to plaintiff's counsel for viewing by "attorney-eyes-only" was suggested as the appropriate compromise / desirable solution. See, e.g., *Berryman, supra* and *Jones, supra.* In fact, the opinion in *Watts* does not suggest that this was ever considered as a possible solution. The same is true for most of the other cases cited in plaintiff's Motion to Compel.

### G.    Defendant's Proposed Protective Orders

Plaintiff counsel objected to defense counsel's initial proposed protective orders. The ones attached here as **Exhibits D** and **E** reflect changes made to accommodate some – but not all – of the issues raised by plaintiff's counsel.

Defense counsel agrees that both sides should be governed by the confidentiality provisions, although those provisions must necessarily operate differently for plaintiff and defendant.

Under defendant's proposed protective orders, both counsel will be permitted to disclose the contents of the personnel files to:

- those employed by their firms who must review them in order to prosecute the case, and

- experts retained by those firms to who must review the files or items from the files in order to render an opinion or prepare a report.

If any portions of either of these personnel files are filed with this Court and thereby entered into the record, either by way of exhibits to depositions or motions, at trial or on appeal, the proposed protective orders would require that they be filed with the Court under seal as provided for in Local Rules 5.3 and 26.4. A copy of the relevant protective order would be sufficient to effect that filing as required under Rule 5.3(b).

Other disclosures provided for in the proposed protective orders are as follows:

### 1.    Plaintiff's employment file

Defendant proposes that a complete copy of plaintiff's employment file would be turned over to plaintiff's counsel in unredacted form.

Plaintiff would, of course, be allowed to view his own file.

Defense counsel would be permitted to disclose plaintiff's employment file to other persons employed by the defendant City of Ypsilanti who would ordinarily have access to that file in the course of their duties with the city.

Defense counsel would also be permitted to disclose plaintiff's personnel file to former Police Chief Matthew Harshberger, who was the decisionmaker in connection with the promotion which forms the basis for this civil action and who would also have had access to that file at the time he made the decision to select the new sergeant.

### 2.    Sgt. Davis' employment file

Defendant proposes that only a redacted version of Sgt. Davis' personnel file be made available to plaintiff's counsel for review at defense counsel's office, where he would be permitted to obtain copies of whatever pages he would choose.

Plaintiff Overton would not be permitted to view Sgt. Davis' personnel file.

Defense counsel would be permitted to disclose Sgt. Davis' personnel file to other persons employed by the defendant City of Ypsilanti who would ordinarily have access to that file in the

course of their duties with the city.

Defense counsel would also be permitted to disclose Sgt. Davis' personnel file to former Police Chief Harshberger, who, again, would have had access to his personnel file at the time he made his decision to promote Davis to the position of sergeant.

### III.   CONCLUSION

Defendant City of Ypsilanti respectfully asks this Court for entry of the two proposed protective orders attached here as **Exhibits D** and **E** governing the discovery and disclosure and filing of documents contained in the personnel files of plaintiff Kent Overton and Sgt. Eddie Davis. Entry of these orders will protect those officers, their families and the defendant employer city from annoyance, embarrassment, oppression and undue burden while affording plaintiff sufficient opportunities to obtain relevant information about his claim of reverse discrimination in employment.

GARAN LUCOW MILLER, P.C.

s/ Roger A. Smith
ROGER A. SMITH
Attorney for Defendant City of Ypsilanti
1111 W. Long Lake Road, #300
Troy, MI 48098
(248) 641-7600
rsmith@garanlucow.com
(P27722)

Date: January 28, 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENT OVERTON,

      Plaintiff,

-v-

No.  09-cv-13283-BAF-MAR
Hon. Bernard A. Friedman

CITY OF YPSILANTI,
a Michigan municipal corporation,

      Defendant.

_____/

JAMES K. FETT (P39461)
JOSHUA R. FIELDS (P68559)
FETT & FIELDS, P.C.
Attorneys for Plaintiff
805 E. Main Street
Pinckney, MI 48169
734.954.0100
fax: 734.954.0762
attys@fettlaw.com

ROGER A. SMITH (P27722)
GARAN LUCOW MILLER, P.C.
Attorney for Defendant City of Ypsilanti
1111 W. Long Lake Road, Suite 300
Troy, MI 48098
248.641.7600
fax: 248.641.0222
rsmith@garanlucow.com

_____/

# CERTIFICATE OF SERVICE

      I hereby certify that on January 28, 2010,  my assistant, Christine LaBrosse, electronically submitted the foregoing paper using the ECF system which will send notification of such filing to the following:

James K. Fett, Esq.

and I hereby certify that my assistant, Christine LaBrosse, mailed by United States Postal Service the foregoing document to the following non-ECF participants, with full legal postage prepaid thereon and deposited in the United States mail:

Not applicable

Date:   January 28, 2010

WP:  568757.1

s/ Roger A. Smith_____
ROGER A. SMITH
Attorney for Defendant City of Ypsilanti
1111 W. Long Lake Road, #300
Troy, MI 48098
(248) 641-7600
rsmith@garanlucow.com
(P27722)