UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENT OVERTON,

    Plaintiff,                                                Civil Action No.
                                                          09-CV-13283

vs.

                                                          HON. MARK A. GOLDSMITH

CITY OF YPSILANTI,

    Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

### I. INTRODUCTION

This is a reverse discrimination case brought under 42 U.S.C. §§ 1981 and 1983 and Michigan's Elliott-Larsen Civil Rights Act (ELCRA), Mich. Comp. Laws § 37.2101 et seq. Plaintiff Kent Overton, a white male police officer, claims that Defendant the City of Ypsilanti and its chief of police, Matthew Harshberger, passed him over for a promotion to sergeant in favor of a less qualified, African-American candidate by the name of Eddie Davis. On February 16, 2011, the Court issued an Opinion and Order denying Defendant's motion for summary judgment. Defendant has filed a motion for reconsideration, raising numerous arguments in support of its position that the Court committed palpable error in denying its summary judgment motion. Finding all of the arguments unpersuasive, the Court denies the motion.

### II. LEGAL STANDARD

Motions for reconsideration are governed by E.D. Mich. LR 7.1(g)(3), which states, in relevant part, that a party moving for reconsideration must "not only demonstrate a palpable

defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case."

### III. ANALYSIS

Defendant asserts numerous arguments in support of its position that the Court erroneously denied summary judgment. None has merit.

First, Defendant argues that "[the] Court committed palpable error by adopting Plaintiff's opinion that he was significantly more qualified than Davis for the position of Sergeant." Br. at 1. In fact, the Court did not adopt this opinion, nor did it adopt any opinion as to who was more qualified for the promotion. Rather, the Court merely found, based on the totality of the evidence, there to be a genuine issue of material fact as to whether Plaintiff was significantly more qualified than Davis. It will be for the jury to determine, based on the evidence presented at trial, whether Plaintiff was more qualified than Davis and, if so, to what extent.

Second, Defendant argues that the Court improperly relied upon the "fishiness" approach articulated by the United States Court of Appeals for the District of Columbia in finding that Plaintiff had established "background circumstances." See Mastro v. Potomac Elec. Power Co., 447 F.3d 843, 851 (D.C. Cir. 2006). According to Defendant, the Sixth Circuit has never "adopted or accepted" this approach, and therefore its use by the Court was improper.

The Court rejects this argument for two independent reasons. First, the argument was not raised previously. See DiPonio Constr. Co., Inc. v. Int'l Union of Bricklayers & Allied Craftworkers, 739 F. Supp.2d 986, 1004 (E.D. Mich. 2010) ("A party may not utilize a motion for reconsideration to introduce new legal theories for the first time, to raise legal argumentation which could have been heard during the pendency of the previous motion, or to present evidence

that could have been adduced during the pendency of the original motion" (internal quotation marks omitted)). Second, while it is true that the Sixth Circuit has never expressly recognized the "fishiness" approach, it has also never rejected the approach. Instead, the Sixth Circuit has repeatedly emphasized that the inquiry centers on whether the plaintiff has shown background circumstances supporting the suspicion that the defendant is that unusual employer who discriminates against the majority. Pierce v. Commonwealth Life Ins. Co., 40 F.3d 796, 801 (6th Cir. 1994). Further, the Sixth Circuit has never articulated an exhaustive list of ways in which a plaintiff may satisfy this burden. See Comiskey v. Auto. Indus. Action Group, 40 F.Supp.2d 877, 892 (E.D. Mich. 1999) ("neither the Sixth Circuit nor the Michigan Court of Appeals has provided a precise description of what a plaintiff must prove to establish 'background circumstances' essential to a reverse discrimination claim"). Thus, this Court's employment of the "fishiness" standard is not inconsistent with Sixth Circuit precedent.

Third, Defendant argues that even if the Court properly utilized the D.C. Circuit's "fishiness" approach, the Court erred in concluding that Plaintiff satisfied the standard because, according to Defendant, the Court improperly relied on (i) hearsay evidence, (ii) unsupported factual allegations, (iii) opinion testimony of non-decisionmakers, and (iv) irrelevant testimony.

The hearsay evidence referred to by Defendant is the following: (i) Sergeant Ebert's testimony regarding the feelings of younger officers towards Davis, (ii) Lieutenant Annas' testimony regarding Davis sleeping on the job, (iii) Lieutenant Annas' testimony regarding questions by Korzyno to Lieutenant DeRidder. However, the Court did not rely on this evidence in finding that a reasonable jury could deem the circumstances surrounding Davis' promotion to be suspicious. Rather, the Court relied principally on: (i) the fact that Davis was promoted within a year of perpetrating a major instance of misconduct against a prisoner, and (ii) the

performance evaluations contained in the record, which would allow a reasonable jury to conclude that there is a significant disparity between the credentials of Davis and Plaintiff. This evidence, alone, is sufficient to create a fact issue with regard to fishiness. As the Court noted in its February 16, 2011 Opinion and Order, the burden on showing background circumstances is "minimal, in keeping with [the] belief that the requirement is not intended to be an additional hurdle for white plaintiffs, and the general under-standing [sic] that the plaintiff's burden of establishing a prima facie case of discrimination under the McDonnell Douglas framework is not onerous." Mastro, 447 F.3d at 852.

Defendant also argues that the Court relied on "unsupported factual allegations" in determining that Plaintiff met his burden on background circumstances. The allegedly unsupported factual allegations are as follows: (i) evidence relating to purportedly "influential" city council members, discussed on page 13 of the Court's previous Opinion and Order, and (ii) evidence that Davis was known to sleep on the job and that he was disliked within the department. As to the former evidence, the Court explicitly noted that it was not relying on such evidence in support of its conclusion that Plaintiff satisfied his burden on background circumstances. See February 16, 2011 Opinion and Order at 13. As to the latter evidence, the record contains evidence that Davis was disciplined for sleeping on the job, see DeRidder Dep. at 34, and Davis' reputation within the department is relevant to show a disparity in credentials.

Defendant further argues that the Court erred in relying on the opinion testimony of non-decisionmakers, namely, Sergeant Eberts' opinion that Davis was "toward the bottom" of the final list of candidates for promotion, and Lieutenant Annas' opinion that Plaintiff was "truly head over heels superior" to Davis. In support of its argument that the Court's reliance on this opinion evidence was improper, Defendant cites Zambetti v. Cuyahoga Cmty. College, 314 F.3d

249, 259 (6th Cir. 2002), for the proposition that "mere opinions expressed by individuals not directly involved in the final decision-making process have no probative value as to a defendant's alleged discriminatory intent." However, the Court did not deem the opinion evidence in question probative on the question of discriminatory intent; rather, it deemed the evidence probative on the narrow question of whether Plaintiff possessed qualifications that a reasonable jury could find superior to those possessed by Davis. The Court believes that the opinions of high level command officers are relevant to show a disparity in qualifications. In any event, the Court would have reached the same outcome even had the record not contained the opinion testimony in question. This is because other evidence – discussed in detail by the Court in its February 16, 2011 Opinion and Order – is sufficient to clear the "minimal" background circumstances hurdle. See Mastro, 447 F.3d at 852.

Defendant further argues that the Court erred in considering evidence relating to the City's and YPD's stance on diversity in the police force and the hiring of minorities. This evidence is recounted on page 13 of the Court's February 16, 2011 Opinion and Order. Again, however, the Court did not rely on any of this evidence in reaching its decision.

Finally, Defendant argues that the Court erred in concluding that Plaintiff satisfied his burden of demonstrating a fact issue relating to pretext. Defendant begins by faulting the Court for relying on the same evidence in its analysis of background circumstances as it did in its analysis of pretext. However, Defendant points to no authority demonstrating that the Court's analysis was erroneous in this regard.

Defendant also argues that the record does not establish that Plaintiff's qualifications were significantly better than those of Davis. Notably, the Court did not reach this conclusion; rather, the Court determined that a reasonable jury could, on this record, reach this conclusion –

5

a conclusion that it now reaffirms on reconsideration for the reasons stated in its February 16, 2011, Opinion and Order.

Defendant also argues that the record contains insufficient evidence, other than qualifications evidence, supporting the Court's conclusion on pretext. In its February 16, 2011 Opinion and Order, the Court determined that Plaintiff satisfied his burden of creating a fact question on pretext based on the following two facts, among others: (i) Davis was promoted soon after being disciplined for using unnecessary force against a prisoner, and (ii) the criticism cited by Harshberger in passing Plaintiff over for a promotion – that he is too opinionated – is suspiciously absent from any performance reviews prepared around the time of the promotion. In fact, Plaintiff's performance reviews around this time reflect a seemingly flawless employment record and no complaints whatsoever from his superiors. Taken together, these two suspicious facts are alone sufficient to create a fact issue on pretext.

## IV. CONCLUSION

For the reasons stated above, Defendant's motion for reconsideration of the Court's February 16, 2011 Opinion and Order is denied.

IT IS SO ORDERED.

Dated: April 8, 2011                                s/Mark A. Goldsmith
                                                    MARK A. GOLDSMITH
                                                    United States District Judge

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 8, 2011.

                s/Lisa Wagner for Deborah J. Goltz
                DEBORAH J. GOLTZ
                Case Manager